Saul S. Streit, J.
Motion by defendant to strike the action from the calendar for plaintiffs ’ failure to comply with rule XII of the New York County Supreme Court Rules governing physical examinations and exchange of medical information or in the alternative to preclude the plaintiffs from offering testimony with respect to any medical evidence. Cross motion by plaintiffs for an order relieving them from complying with that portion of rule XII dealing with the furnishing by the plaintiffs of their medical reports.
Defendant claims that where a notice is served by the plaintiffs pursuant to subdivision 1 of rule XII offering to submit the plaintiffs to a physical examination by a doctor to be selected by the defendant and the defendant responds by indicating he does not desire to conduct such examination, the plaintiff is required, nevertheless, prior to the placing of the case on the calendar, to furnish the medical reports of those physicians who have previously treated or examined the plaintiffs and who will testify on their behalf. The plaintiffs contend under these' circumstances they are not required to furnish their medical reports.
The trend in the practice of personal injury cases is to limit the areas of medical dispute. (Del Ra v. Vaughan, 2 A D 2d 156.) The narrowing of disputes is enhanced by requiring disclosure. I had occasion to say the following with reference to rule XII in Plottel v. City of New York (N. Y. L. J., Apr. 9, 1959, p. 14, col. 1): “ The inference is clear that it was finally intended that ‘ each party shall serve upon all other parties *1051 copies of the reports of all physicians whose testimony will be offered at the trial ’ and ‘ copies of the medical reports of those physicians who have previously treated or examined the party seeking recovery and who will testify on his behalf. ’ * * * The purpose of Rule XII is to provide a full disclosure of all the available medical facts without reservation and to avoid delay and surprise.”
It may be noted that under subdivision 4 of rule XII (where the cause of death is an issue) the party seeking recovery is obligated to furnish medical reports. The purpose, intent and spirit of the rule requires plaintiffs to furnish their medical reports.
This question has been passed upon by my colleague, Mr. Justice Fine, who stated in Steursberg v. Anex Realty Corp. (N. Y. L. J., Nov. 10, 1959, p. 13, col. 7): “ The fact that the defendant has not availed itself of the opportunity to have their doctor conduct a physical examination of the plaintiff does not relieve the plaintiff from compliance with the rule.”
Cross motion by plaintiffs is denied. The plaintiffs shall serve copies of their medical reports upon the attorney for the defendant within 10 days from the publication of this order. Motion by defendant is denied without prejudice to a renewal in the event of the failure of the plaintiffs to comply.